OPINION OF THE COURT.
Tfjjs was an action of assumpsit brought by Zerah Towsey and Robert Chambers, merchants, trading under the style and firm of Zerah Towsey & Co. against Gardner Price and John Fisher, late partners, doing business under the stile of Gardner Price & Co. for goods, wares and merchandise, and for money laid out and expended.
The general issue was pleaded with notice of relief. On the trial the plaintiffs' introduced a witness who declared, that one of the plaintiffs had contracted with the firm of Gardner Price & Co. for the building of a brick house in the town of Burlington; that an account was raised in the books of Zerah Towsey & Co. by Gardner Price, & Co. and goods taken up to the amount of dollars whilst the building was proceeding. He also stated that an account had been raised with the firm of Zerah and Moses Towsey, of two hundred and ninety nine dollars and twenty-eight cents, against Gardner Price & Co. and without their knowledge, the account was transferred by the witness, from the books of Zerah and Moses. Towsey, to the account against the firm of Gardner Price & Co. on the books of Zerah Towsey & Co. ' and a credit entered on the books of Zerah and Moses Towsey for that amount, so that their account with the last mentioned firm, stood balanced. The witness further stated that on the 1st day of March 1820, being about eighteen months after the defendants had ceased to carry on the business of brick making and laying, in which they were partners, he had an interview with Gardner Price alone, and exhibited the book, containing the account against the firm of Gardner Price and Co. which had been transferred from the . books of Zerah and Moses Towsey, to the books of Ze-rah Towsey and Co. and the defendant, Gardner Price, admitted that the account was correct, but refused to. give his note for the balance, alleging that the firm oí Gardner Price and Co. had a charge for extra work on the building, which would exceed the balance due Ze-rah Towsey and Co.
It was proved by another witness, that about eighteen months before the admission of the account as stated by the former witness, Gardner Price and John Fisher had ceased to work as builders, and that about six months before the admission, they had dissolved their *425 partnership, and tha/LaFisher had taken upon himself the settlement of the*aiFairs of the firm; but the witness did not know that there was any publication made of the dissolution of the partnership, or that the plaintiffs, Zerah Towsey and.Co. had any notice of the dissolution. Upon this state of facts, the defendants by their counsel, moved the court to instruct the jury, if they were of opinion that the account of Gardner Price and Co. was transferred from the books of Zerah and Moses Towsey,without their consent or knowledge, that the admission of Gardner Price alone, eighteen months after th.e dissolution of the partnership, did not bind the. late firm of Gardner Price and Co. and that they ought to exclude that item from the account; but the court overruled the motion and refused to give the instruction, to which the defendants excepted, and a verdict and judgment having been rendered against them, they have brought the case to this court by writ of error, with supersedeas.
Theactofei-üier partn.er, “°twith-absolution of the partnership,willcon-obligatory upon the others, until due given,
1. The.only question which was directly presented by the motion made to the circuit court to instruct the jury, was, whether the admission made by one of the defendants after the dissolution of their partnership, was binding upon the.firm or not. _
In the case of Walker and Evan vs. Duburg. 1 Marshall 189, it was heldhy the court, that a certificate given by one partner, after a dissolution of the partnership, of the amount of a debt due from the firm, was not admissible evidence to prove the debt in an action against the firm. But in that case, it appeared that the plaintiff, at the time the certificate of the amount of the debt was given, had notice of the dissolution of the partnership; whereas, in this case, there was no proof of any notice having been given of the dissolution of partnership, or of the plaintiffs having any knowledge of the fact; nor was the court asked to instruct the jury, that the admission was not binding upon the hypothesis of the existence of such notice, and the law is well settled, that the act of either of the partners, notwithstanding the dissolution of the partnership, will continue to be obligatory upon the other, until due'notice of the dissolution is given. Watson’s law of partnership 138, Lex mercatoria 460, Phillips Evi. 73. _
The question, therefore, which was directly presented by the motion ta the circuit court, to instruct the *426 jury, was no doubt correctly decided by that court. But indirectly there is another question involved in the motion, and that is, whether the admission by Gardner Price of the correctness of the account transferred from the books of the firm of Zerah and Moses Towsey to those of the plaintiff, was sufficient to make him responsible to the plaintiffs for the amount of that account; for if he did not thereby make himself responsible to tbe plaintiffs, his copartner could not be responsible.
No ono, by voluntarily paying the dubtol'another, without lu'ii leave or consent, can become his cr> ¡i<or; but such payment is i. sufficient cons: l- ration to . -ula Mir,... ii'int promise of repayment.
2. It is perfectly clear that the defendants could not be made liable to the plaintiffs, by the mere act of trans-feriug the debt from the books of Zerah and Moses Tow-sey, to those of tire plaintiff, without the knowledge or consent of the defendant; for an- account is not by law assignable, so as to authorise an action in the name of the assignee. The transfer of the debt, however, from the books of the one company to those of the other, may with propriety be considered as a payment, or at least as evidence of a payment of the debt, by the latter to the former; but even thus considered, it cannot per sc. give the plaintiffs a right to maintain the action against the defendants, for tbe amount of the debt;, for no one can, by voluntarily paying tbe debt of another without his knowledge or consent, become jhis creditor. But the payment of the debt by the plaintiffs for the defendants,is a sufficient consideration to uphold the agreement subsequently made by the defendants to repay it to the plaintiffs. Thus it is said, where a man pays a. sum of money or buys goods for me without my knowledge or request, and afterwards I agree to the payment or receive the goods, this is equivalent to a previous request, and I will be bound by tbe agreement, 1 Co-myn on Contracts, 23.
There is, therefore, no error in the refusal of tbe circuit court to give the instruction asked by the defendants, and the judgment must be affirmed with costs and damages.